UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-249-RJC

| | |
|---|---|
| DOUGLAS C. ALLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court sua sponte upon Plaintiff's failure to pay the filing fee in this case as directed by the Court's Orders. (Doc. Nos. 3, 4).

I. BACKGROUND

On May 15, 2014, Plaintiff filed his Complaint, which seeks a review of a final determination of the Commissioner of Social Security holding that he is not entitled to a period of disability and disability insurance benefits. (Doc. No. 1). Plaintiff did not pay the filing fee, but he filed a Motion to Proceed In Forma Pauperis on the same day. (Doc. No. 2). However, the Court denied Plaintiff's Motion to Proceed In Forma Pauperis on October 7, 2014. (Doc. No. 3). The Court's Order directed Plaintiff to pay the full filing fee of $400 in order to continue this action. (Id.). A review of the docket indicates that Plaintiff has not paid the filing fee, no summons has been issued, and the case has been sitting dormant since October 2014. On March 11, 2016, the Court entered an order directing Plaintiff to pay the filing fee within seven (7) days. (Doc. No. 4). The Order also warned Plaintiff "that if he [did] not pay the filing fee within **seven (7) days**, his case [would] be **DISMISSED with prejudice** without further notice." (Id. at 2).

That time has now expired, and Plaintiff has failed to pay the filing fee or prosecute this case in any way.

II. DISCUSSION

A district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or failure to comply with a court order, either upon a defendant's motion or sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); see also Bethel v. Dep't of State Police Sex Offender Registry, 544 F. App'x 234, 234–35 (4th Cir. 2013) (affirming a district court's dismissal of a complaint after the plaintiff failed to pay the filing fee). Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Dismissal under Rule 41(b) with prejudice, however, is a harsh sanction that should not be invoked lightly. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). In reviewing such a dismissal, the Court must consider: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. Id.

Plaintiff is proceeding pro se, so he bears the entire responsibility of prosecuting this case. It is Plaintiff's burden to move this case forward, and he has failed to do so. Plaintiff also received the benefit of the Court's warning in its previous Order, (Doc. No. 4 at 2), which explained that Plaintiff's case could be dismissed should he fail to comply with the Order. As to the second factor, while the Court recognizes that Defendant handles a great many of these types of actions, she still has an interest in having this matter resolved expeditiously. This case has

been pending for nearly two years without any forward progress. Defendant has, therefore, been prejudiced by Plaintiff's failure to take action. The third factor also weighs in favor of dismissal. Plaintiff's pattern of failure to prosecute this case is indicated by his failure to pay the filing fee after two Orders from this Court directing him to do so. Furthermore, the issue is not dilatory conduct but Plaintiff's complete failure to prosecute his case. Finally, the Court has considered other sanctions; however, it appears that no other sanction would be feasible or sufficient. Accordingly, after considering the factors, the Court finds that dismissal of Plaintiff's case is warranted pursuant to Federal Rule of Civil Procedure 41(b).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint be **DISMISSED with prejudice**. The Clerk of Court is directed to close this case.

Signed: March 21, 2016

Robert J. Conrad, Jr.
United States District Judge